# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KEITH MORVANT and LYNNE FREDERICK,

    Plaintiffs,

v.                              Case No: 6:16-cv-1805-Orl-28TBS

BOBBY W. RIGGS,

    Defendant.

## ORDER

Johna Morvant and four others perished during a helicopter sightseeing tour when the helicopter that was co-owned by Defendant Bobby Riggs crashed in Tennessee. Plaintiffs Keith Morvant and Lynne Frederick, the husband and mother of Johna Morvant, respectively, bring negligence claims against Riggs based on his partial ownership of the helicopter. Riggs filed two motions to dismiss—one seeking dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, (Doc. 23), and the other seeking dismissal under Rule 12(b)(3) for improper venue, (Doc. 16). I held a hearing on the motions on April 19, 2017, and granted Riggs's motion to dismiss for lack of subject-matter jurisdiction. (Mins., Doc. 30). This order explains that ruling and dismisses the case.

Plaintiffs have alleged diversity of citizenship as the basis for federal jurisdiction under 28 U.S.C. § 1332.[1] (Compl., Doc. 1, ¶ 4). Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between "citizens of different States." 28

---

[1] There is no other apparent basis for federal jurisdiction in the Complaint.

U.S.C. § 1332(a). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Anderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Id. at 1257–58 (citation and internal quotation marks omitted). "[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." Id. at 1257. In its determination of whether diversity exists between the parties, the court may consider matters outside the pleadings such as testimony and affidavits. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

It is undisputed that Plaintiff Keith Morvant is a citizen of Tennessee; that Plaintiff Lynne Frederick is a citizen of Nebraska; and that Johna Morvant was a citizen of Tennessee prior to her death.[2] (Compl. ¶¶ 1–2). Riggs's citizenship, however, is in dispute. The Complaint alleges that Riggs is a citizen of Florida, (id. ¶ 3), but Riggs claims that he is a citizen of Tennessee—a fact that would defeat the requirement of complete diversity between the parties.

Plaintiffs' sole support for their contention that Riggs is domiciled in Florida is that the helicopter's FAA registration documents provide that Riggs's address is in Lake Mary, Florida. (Doc. 28-1). But there is overwhelming evidence that Riggs is domiciled in Tennessee with no intention of returning to Florida. Riggs states in his affidavit that he has

---

[2] To the extent Plaintiffs' claims are brought on behalf of Johna Morvant, Plaintiffs are "deemed to be . . . citizen[s] of the state of which the deceased was a citizen at the time of death." Palmer v. Hosp. Auth. of Randolph Cty., 22 F.3d 1559, 1569 n.1 (11th Cir. 1994).

2

not lived in Florida since 2004 and has resided in Tennessee ever since he left. (Doc. 23-1 ¶¶ 2–5).[3] Riggs initially registered the helicopter in Florida while he lived in the state, but the helicopter has not been in Florida since 1991. (Id. ¶¶ 12–13). Riggs also has a driver's license issued by Tennessee and his vehicle is registered in Tennessee. (Id. ¶¶ 6–7). Additionally, Riggs's business, M-Helicopters, is a Tennessee corporation and has its principal place of business in, and offers scenic tours of, Tennessee. (Id. ¶¶ 9–10).

In light of the foregoing, Plaintiffs failed to establish by a preponderance of the evidence that Riggs is domiciled in Florida, and for that reason I granted Riggs's 12(b)(1) motion (Doc. 23). It is further **ORDERED** that:

1. This case is **DISMISSED** for lack of subject-matter jurisdiction.

2. All other pending motions are **DENIED AS MOOT**.

3. The Clerk is **DIRECTED** to close this case.

**DONE** and **ORDERED** in Orlando, Florida, on April 21, 2017.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

---

[3] Counsel for Riggs represented during the hearing that Riggs's niece—and not Riggs—now lives in the Lake Mary residence listed on the helicopter registration.

3